# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **UNITED STATES OF AMERICA**, | 1:05-cr-00204-AWI |
| | 1:05-cr-00368-AWI-2 |
| Plaintiff, | 1:06-cr-00295-AWI |
| v. | |
| | **ORDER CLARIFYING SENTENCE** |
| **RAMIRO BARRIGAN**, | **REDUCTION AND GRANTING** |
| | **REDUCTION IN CASE NO.** |
| Defendant. | **1:06-cr-00295-AWI** |

Defendant Ramiro Barrigan was charged in three separate indictments with conspiracy to distribute a controlled substance (1:05-cr-00204-AWI), conspiracy to commit an offense against the United States, bank fraud and money laundering (1:05-cr-368-AWI-2), and illegal reentry into the United States (1:06-cr-295-AWI). On September 5, 2006, Defendant entered a guilty plea pursuant to an agreement with the Government as to all three cases. *See* 1:05-cr-00204-AWI, Docs. 205, 207; 1:05-00368-AWI-2, Docs. 42, 46; 1:06-cr-00295-AWI, Docs. 3-4. The defendant was sentenced on December 18, 2006. The Court sentenced Defendant to concurrently served terms of: 151 months as to the conspiracy to distribute a controlled substance count; 151 months as to the bank fraud count; and 60 months as to the illegal reentry count. Defendant was then resentenced on January 16, 2007, to correct an error. Specifically, the Court indicated that it had correctly determined that that Defendant was to serve a term of 151 months as to the conspiracy to distribute a controlled substance count (1:05-cr-00204-AWI), however, it inadvertently switched the sentences for the other two case numbers; the Court misapplied the term of 151 months to the bank fraud count (1:05-cr-368-AWI) instead of the illegal reentry count (1:06-cr-295-AWI) and misapplied the term of 60 months to the illegal reentry count

1

instead of the bank fraud count. The Court resentenced Defendant to 151 months as to the illegal reentry count (1:06-cr-00295-AWI) and 60 months as to the bank fraud count (1:05-cr-00368-AWI-2). That sentence was correct.

On March 13, 2015, this Court granted the parties stipulated motion for reduction of sentence pursuant to 3582(c)(2) based on Amendment 782 to the sentencing guidelines which reduces the offense level of most drug offenses by two. The Court found that the Defendant's prior offense level of 33 was reduced to 31. Based on Defendant's criminal history category of III, his guideline range shifted from 168 to 210 months to a range of 135 to 168 months. *See* 1:05-cr-00204-AWI, Doc. 311. The Court then ordered the term of imprisonment imposed as to the conspiracy to distribute a controlled substance offense reduced to 135 months, noting that "[s]aid term shall run concurrent with the term of imprisonment imposed in" 1:05-cr-00368-AWI-2 and 1:06-cr-00296-AWI. The Court's order did not take into account that the 151-month term of imprisonment imposed as to the illegal reentry count was arrived at using the grouping rules of USSG § 3D1. The 151 month sentence for the illegal reentry count (1:06-cr-00295-AWI) was set according to the drug quantity table of USSG § 2D1.1. *See* USSG § 3D1.4. As a result of Amendment 782, Defendant's offense level for the illegal reentry count (1:06-cr-00295-AWI) has been lowered from 33 to 31, resulting in a guideline range of 135 to 168 months. The Defendant is therefore eligible for a sentence reduction. *United States v. Dunn*, 728 F.3d 1151, 1155 (9th Cir. 2013) ("Section 3582(c)(2) authorizes district courts to modify an imposed in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission.") (internal quotation marks omitted).

"Section 3582(c)(2) also requires a court to consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case." *United States v. Navarro*, --- F.3d ----, 2015 WL 5166942, *4 (9th Cir. Sept. 4, 2015) (quoting *Dillon*, 560 U.S. at 827) (internal quotation marks omitted); *see* USSG § 1B1.10, application

note 1(B). The consideration of the § 3553 (a) factors is limited; courts may not "reconsider a sentence based on factors unrelated to a retroactive Guidelines amendment." *Navarro*, 2015 WL 516642, at *4 (citation omitted). For the same reasons that it ordered a sentence below the low end of the Guideline Range at Defendant's original sentencing on December 18, 2006, the Court finds that the Section 3553(a) factors support a sentence at the low end of the amended guideline range.

Based on the foregoing, IT IS HEREBY ORDERED that the term of imprisonment imposed for illegal reentry in case number 1:06-cr-00295-AWI on January 16, 2007, reflected in the judgment dated January 24, 2007, is reduced to a term of 135 months, effective as of November 1, 2015. If this sentence is less than the amount of time the defendant has already served as of November 1, 2015, the sentence is reduced to a time served sentence. If the defendant is released from custody before November 1, 2015, this order will be of no effect. In no event is this Order to be understood as authorizing release prior to November 1, 2015 or authorizing a term of imprisonment less than the term actually served on November 1, 2015.

IT IS FURTHER ORDERED that all other terms and provisions of the original judgment remain in effect. This Order does not impact the judgments in case numbers 1:05-cr-00368-AWI-2 or 1:05-cr-00204-AWI. The sentence in all three cases will continue to run concurrently. The clerk shall forthwith prepare an amended judgment reflecting the above reduction in sentence, an effective date of the amended judgment as November 1, 2015, and shall serve certified copies of the amended judgment on the United States Bureau of Prisons and the United States Probation Office.

Unless otherwise ordered, the defendant shall report to the United States Probation Office within seventy-two hours after his release.

IT IS SO ORDERED.

Dated: __October 5, 2015__   _____
                              SENIOR DISTRICT JUDGE